IN RE PRINTING OF THE SUPREME COURT REPORTS.

1. **Supreme Court Reports—Public Printing—Commission of Labor and Printing.**

    The Supreme Court Reports are a part of the public printing, and the Commissioner of Labor and Printing is charged with the same duty of furnishing paper and stationery therefor, and in the examination and superintendence thereof, as is required for the other public printing. Revisal, sec. 5095.

2. **Supreme Court Reports—Printing—Contracts.**

    By Revisal, sec. 5093, the duty of contracting for the printing of the Supreme Court Reports is confided to the Supreme Court, and with reference thereto this is an exception to section 5092 requiring that such contracts be made by the committee therein designated.

3. **Same—Kind and Style.**

    Upon the Supreme Court devolves the duty only of selecting the printer and directing the style and general execution of the work, the price of which is restricted to that allowed and fixed by the committee. Revisal, secs. 5093, 5095.

4. **Same—Size of Volumes.**

    Until otherwise directed by the Court, the Reports will be leaded, and in all other respects conform as to paper, binding, type and general make-up with Volume 150 of the Reports, and average, as nearly as may be, 800 pages each.

PER CURIAM. We are of opinion: 1. That the printing of the Supreme Court reports is a part of the public printing of the State, and as such, Revisal, 5095, devolves upon the Commissioner of Labor and Printing the duty to examine the printing and binding, and certify the workmanship thereof, and pass upon the accounts rendered, and furnish paper and stationery therefor, in the same manner as for all other public printing.

2. We are further of opinion that as to contracting for the printing of the reports—a matter with which the Commissioner of Labor and Printing is not charged—the duty is confided to the Court to select the printer, and direct the manner in which the work shall be done, and supervise the general conduct of the same in order that the reports may be issued promptly, and shall in all respects conform to the style of printing and binding designated by the Court. Revisal, 5093, is an exception to Revisal, 5092, by which the contracting for the State printing generally is entrusted to the committee therein designated.

3. As section 5093 restricts the Court to the prices allowed and fixed by the committee for the other public printing of the State, and Revisal, 5095, devolved upon the Bureau of Labor and Printing, the passing upon the accounts and workmanship and furnishing the paper, it practically results that there devolves upon the Court merely the duty of selecting the printer, and directing the style and general execution of the work. As the price is already fixed by the committee on printing, the Court can contract either verbally or in writing with the printer who shall receive the same prices as are allowed by said committee under Revisal, 5092.

In accordance with the above views, the Court will from time to time select its own contractor for the printing of the reports of the Court. Until otherwise directed by the Court the reports will be leaded, and in all other respects conform as to paper, binding, type, and general make-up with Vol. 150. The volumes will average as near as may be, 800 pages each.